UNITED STATES *v.* ARIS GLOVES, INC. (No. 5053)[1]

---

[1] C.A.D. 777.

United States Court of Customs and Patent Appeals, July 7, 1961

George S. Leonard, Acting Assistant Attorney General, Richard E. Fitz-Gibbon, Chief, Customs Section (Alan S. Rosenthal and Anthony L. Mondello, trial attorneys, of counsel) for the United States.

Mary Rehan, Brooks & Brooks (Thomas J. McKenna, of counsel) for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[2]

WORLEY, Chief Judge, delivered the opinion of the court:

This appeal from the judgment of the United States Customs Court, First Division, C.D. 2185, one judge dissenting, involves certain women's leather gloves which were assessed by the collector at 35 per centum ad valorem under paragraph 1532(a) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739. The importer contended, and a majority of the Customs Court held, that duty should have been assessed at 25 per centum ad valorem under the provisions of the same paragraph as modified by the General Agreement on Tariffs and Trade, T.D. 51802, on the ground that the provision of the Torquay Protocol increasing the duty to 35 per centum ad valorem was void for want of proper notice of intention to negotiate as provided by Section 4 of the Trade Agreements Act of 1934, as amended, and paragraphs 4 and 5 of Executive Order No. 10082. The pertinent portions of the section and paragraphs are:

Sec. 4. Before any foreign trade agreement is concluded with any foreign government or instrumentality thereof under the provisions of this Act, *reasonable public notice of the intention to negotiate an agreement with such government or instrumentality shall be given in order that any interested person may have an opportunity to present his views to the President, or to such agency as the President may designate, under such rules and regulations as the President may prescribe;* * * *. (Italics supplied.)

Par. 4. Before entering into the negotiation of a proposed trade agreement under the Trade Agreements Act, as amended, the Trade Agreements Committee shall submit to the President for his approval a list of all articles imported into the United States which it is proposed should be considered in such negotiations *for possible modification of duties and other import restrictions, imposition of additional import restrictions*, or specific *continuance of existing customs or excise treatment*. Upon approval by the President of any such list,

---

[2] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell*, pursuant to provisions of Section 294(d), Title 28, United States Code.

as originally submitted or in amended form, the Trade Agreements Committee shall cause notice of intention to negotiate such agreement, together with such list of articles, to be published in the FEDERAL REGISTER. Such notice and list shall also be issued to the press, and sufficient copies shall be furnished to the Committee for Reciprocity Information for use in connection with such hearings as the Committee may hold with respect thereto. Such notice, together with the list or a statement as to its availability, shall also be published in the Department of State Bulletin, Treasury Decisions, and the Foreign Commerce Weekly. (Italics supplied.)

Par. 5. Any interested person desiring to present his views with respect to any article in any list referred to in paragraph 4 hereof, or with respect to any other aspect of a proposed trade agreement, may present such views to the Committee for Reciprocity Information, which shall accord reasonable opportunity for the presentation of such views.

The pertinent portions of the notice of intention to negotiate are:

Pursuant to Section 4 of the Trade Agreements Act, approved June 12, 1934, as amended (48 Stat. 945, ch. 474, Public Law 307, 81st Cong.) and to paragraph 4 of Executive Order 10082 of October 5, 1949 (14 F.R. 6105), notice is hereby given by the Interdepartmental Committee on Trade Agreements of intention to conduct trade-agreement negotiations with the following countries * * *. It is proposed to enter into negotiations with these countries for the purpose of negotiating *mutually advantageous tariff concessions.* * * *

There is annexed hereto a list of articles imported into the United States *to be considered for possible modification of duties and other import restrictions, imposition of additional import restrictions, or specific continuance of existing customs or excise treatment* in proposed trade agreement negotiation with the above countries. (Italics supplied.)

      *        *        *        *        *        *        *

*No article will be considered* in the negotiations for possible modification of duties or other import restrictions, imposition of additional import restrictions, or specific continuance of existing customs or excise treatment *unless it is included, specifically or by reference, in the annexed list* or unless it is subsequently included in a supplementary public list. No duty or import tax imposed under a paragraph or section of the Tariff Act or Internal Revenue Code other than the paragraph or section listed with respect to such article will be considered for a possible decrease, although an additional or separate duty on an article included in the annexed list which is imposed under a paragraph or section other than that listed may be bound against increase as an assurance that the concession under the listed paragraph or section will not be nullified. (Italics supplied.)

      *        *        *        *        *        *        *

Pursuant to Section 4 of the Trade Agreements Act, as amended, and paragraph 5 of Executive Order 10082 of October 5, 1949, information and views as to any aspect of the proposals announced in this notice may be submitted to the Committee for Reciprocity Information in accordance with the announcement of this date issued by that committee.

It is not contended that the formal mechanical requirements of publication of the notice were not complied with, or that it did not properly describe the merchandise at bar. The sole issue is whether the wording of the notice was such as to give reasonable notice that the rate of duty on such merchandise might be increased.

█ The majority of the Customs Court was of the opinion that the statement in the notice that the proposed negotiations were "for the purpose of negotiating mutually advantageous tariff concessions" was "sufficiently definite to establish that increases in rates of United States import duties were not under consideration," and that subsequent reference in the notice to "possible modification of duties and other import restrictions, imposition of additional import restrictions or specific continuance of existing customs or excise treatment;" at most merely "introduced an element of confusion and uncertainty into the notice, since it is obviously in conflict with the purpose stated in the preceding paragraph for which it was proposed to enter into trade agreement negotiations, i.e., to negotiate mutually advantageous tariff concessions."

The dissenting judge was, as reflected by the following excerpt, of a contrary opinion, stating

In my opinion, the foregoing notice, if read as a whole, which it must be, clearly advised all interested parties that in the negotiation of the proposed agreement both tariff reductions and tariff advances would be considered. To reach any other conclusion requires that the second paragraph of the notice stating "There is annexed hereto a list of articles imported into the United States to be considered for possible modification of duties and other import restrictions, imposition of additional import restrictions, or specific continuance of existing customs or excise treatment" must be completely ignored. Clearly, in determining the meaning and effect of a notice, its whole contents must be considered. One of the primary rules of statutory construction is that the entire contents of a statute must be considered and effect given to all the language contained therein, if possible. *Nestle's Food Co. (Inc.)* v. *United States*, 16 Ct. Cust. Appls. 451, T.D. 43199; *Cassard Romano Co., David A. Haagens* v. *United States*, 19 C.C.P.A. (Customs) 191, T.D. 45294. The notices such as those here under consideration should be likewise so construed.

We are unable to agree with the majority view that the phrase "mutually advantageous tariff concessions" is so definite as to necessarily preclude consideration of rate increases any more than it would preclude consideration of lower rates. We do agree, however, with the majority that the phrase "is not itself specific as to precisely what the proposed purpose of the negotiations was to be, * * *." Although that language alone might well fall short of reasonable notice, still, when it is read in conjunction with "for possible modification of duties and other import restrictions, imposition of additional import restrictions, or specific continuance of existing customs or excise treatment," the scope of the negotiations contemplated is ample to put an interested party on notice.

In our opinion the instant language, when read as a whole, is sufficient to constitute "reasonable public notice" to interested parties as contemplated by the Trade Agreements Act. Under such circumstances we are obliged to *reverse* the judgment appealed from.